**FILED**
MAY - 8 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Hector Manuel Avila-Luna, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The Office of the Attorney General )<br>of the United States, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 15-0467 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on review of this *pro se* action captioned "Civil Complaint Pursuant to 28 U.S.C. § 1331, for Declaratory, Injunctive, or Prospective Relief" and plaintiff's application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a federal prisoner who currently is incarcerated at the United States Penitentiary in Victorville, California. He is serving a life sentence imposed in 1996 by the United States District Court for the Southern District of Iowa on his convictions related to the trafficking of methamphetamine. Compl. at 2. According to plaintiff, pursuant to "a policy intended to violate equal protection under the Fifth Amendment," he has been sentenced to a longer term of imprisonment for having exercised his Sixth Amendment right to a jury trial. *Id.* at 5. He demands declaratory and injunctive relief so that he "will have the benefit of being

resentenced to any sentence that was available at the time of the original sentencing without the application of 21 U.S.C. § 851." *Id.*

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Once a § 2255 motion has been adjudicated on the merits, as appears to be the case here, a subsequent motion for habeas relief must be presented to the appropriate court of appeals (here the Seventh Circuit) for permission to proceed in the sentencing court. 28 U.S.C. § 2244 (b)(3)(A). Plaintiff has stated no claim for relief in this court. A separate order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: May 2, 2015